Opinion by Justice Brown
In this mandamus proceeding, Relators Inppamet Ltd. and Plastic and Metal Parts, Inc. (collectively "Inppamet"), seek review of the trial court's order denying their motion to reconsider the disqualification of real party in interest RSR Corporation's counsel. This case has previously been to this Court and to the Texas Supreme Court. See In re RSR Corp. , 475 S.W.3d 775 (Tex. 2015) (orig. proceeding); In re RSR Corp. , 405 S.W.3d 265 (Tex. App.-Dallas 2013, orig. proceeding). At the heart of the dispute was which of two disqualification standards should apply to the facts of the case, that set out in In re American Home Products Corp. , 985 S.W.2d 68 (Tex. 1998) (orig. proceeding), or that set out in In re Meador , 968 S.W.2d 346 (Tex. 1998) (orig. proceeding). The trial court initially applied the American Home Products standard and granted Inppamet's request to disqualify RSR's counsel. This Court then denied RSR's petition for writ of mandamus, but the Texas Supreme Court conditionally granted mandamus relief. In re RSR , 475 S.W.3d at 782. The supreme court held the trial court should have applied the disqualification standard set out in Meador . Id. at 780-81, 782. The court ordered the trial court to vacate the disqualification order but did not decide whether disqualification *3 would have been proper under Meador . Id. at 781. After the supreme court issued its opinion, Inppamet filed a motion asking the trial court to reconsider the disqualification under Meador . The trial court refused to determine the merits and instead denied the motion as "untimely, dilatory in nature, and/or waived." We conditionally grant the writ of mandamus.
BACKGROUND
The Brewer Law Firm represented real party in interest RSR in RSR's suit against Inppamet. Inppamet's former finance manager, Hernán Sobarzo, "secreted documents from his employer when he quit and provided them to [the Brewer Law Firm]." In re RSR , 475 S.W.3d at 779. Inppamet moved to disqualify the Brewer Law Firm from representing RSR on grounds the firm had reviewed Inppamet's confidential and privileged information relating to the prosecution of the case. The issue was first presented to a special master as part of her determination of Inppamet's Amended Motion for Sanctions, which sought disqualification as a possible sanction. The parties filed extensive briefing on the motion, and the special master heard arguments at a September 6, 2012 hearing. In the briefing and at the hearing, the parties argued the disqualification issue at length, including their contentions about which disqualification standard should be applied to the facts of this case. RSR argued that Meador , which applies when a lawyer receives an opponent's privileged materials outside the normal course of discovery, provided the applicable standard but did not warrant disqualification. See In re Meador , 968 S.W.2d at 352. Under Meador , the trial court considers six nonexclusive factors to determine whether a lawyer should be disqualified. Id. at 351-52. Inppamet argued that Meador did not provide the appropriate standard because the attorneys in this case were directly involved in wrongfully procuring the opponent's documents. See id. at 352 ("Also, we express no opinion on the proper standard for disqualifying an attorney who was directly involved in wrongfully procuring an opponent's documents."). In its Amended Motion for Sanctions, Inppamet instead urged application of a standard set out in an El Paso Court of Appeals opinion, but it also argued that even under Meador the Brewer Law Firm's disqualification was still warranted. In a letter brief filed after the special master's hearing on the motion, Inppamet asserted the appropriate standard was that in American Home Products , which involved disqualification of counsel for hiring the other side's former paralegal or legal assistant. See Am. Home Prods. , 985 S.W.2d at 74-75. Whether disqualification is required under the American Home Products standard involves two presumptions: a nonrebuttable presumption that a legal assistant received confidential information, and a rebuttable presumption that the information was shared with the new employer. Id. at 75. On October 25, 2012, the special master issued Special Master's Order No. 13 that simply denied Inppamet's Amended Motion for Sanctions without explanation.
Inppamet appealed the special master's ruling to the prior district judge who held a two-day, de novo hearing on the Amended Motion for Sanctions. Before that judge, Inppamet chose to rely solely on American Home Products as the appropriate standard, telling the judge he did not need to look at the Meador factors. That judge specifically held that American Home Products provides the applicable standard in this case. He ruled that disqualification was required under American Home Products and ordered the Brewer Law Firm disqualified from representing RSR.
*4 RSR sought mandamus review of the disqualification order in this Court, arguing the trial court erred by applying American Home Products instead of Meador . We concluded that American Home Products applied and issued an opinion denying RSR's petition for writ of mandamus. In re RSR , 405 S.W.3d at 277. Then RSR sought mandamus relief in the Texas Supreme Court, which that court initially denied. In December 2015, the supreme court granted rehearing, however, and conditionally granted the writ. In re RSR , 475 S.W.3d at 782. RSR had argued the trial court abused its discretion in disqualifying its lawyers based on American Home Products because Sobarzo is a fact witness, rather than a legal assistant. Id. at 778. The supreme court agreed with RSR that American Home Products does not apply to a fact witness such as Sobarzo who was not hired for litigation purposes and was not directly supervised by lawyers. Id. at 780, 782. It held the Meador factors are appropriate for evaluating whether the Brewer Law Firm should be disqualified. Id. at 780-81, 782. The court noted that to the extent the Brewer Law Firm should have known any documents were privileged, it still was not "directly involved in wrongfully procuring them." Id. at 779. The supreme court ordered the trial court to vacate the disqualification order but declined to "decide whether disqualification would have been proper under Meador because the trial court did not reach the issue and did not resolve all fact issues relevant to a Meador analysis." Id. at 781.
After the supreme court issued its opinion, Inppamet filed a "Motion to Compel Documents & Testimony Relevant to a Meador Analysis." Inppamet asserted additional discovery was necessary to conduct a disqualification analysis under the Meador factors. The current trial judge referred the motion to compel to the special master. While that motion was pending, Inppamet filed a "Motion to Reconsider Disqualification Under Meador & Disqualify Brewer Law Firm."
In April 2016, the special master held a hearing on the motion to compel additional discovery. On February 20, 2017, the special master issued a sixteen-page order, Special Master's Order No. 16, denying Inppamet's motion. Order No. 16 includes "findings of fact and conclusions of law that set forth the grounds" for denial. The special master denied Inppamet's request for supplemental discovery relevant to a Meador analysis as untimely because Inppamet sought the same discovery in 2011, but later decided to forego the discovery until resolution of its motions for sanctions, which relied in part on Meador . Inppamet did not express a need for the discovery when presenting its amended sanctions motion to the special master or in connection with its appeal of the special master's denial of that motion. Order No. 16 states, "Permitting that discovery now would reward Inppamet's delay and penalize RSR for Inppamet's litigation decisions."
In July 2017, the trial court adopted Special Master's Order No. 16 as the ruling of the court. After a September 2017 hearing on the motion to reconsider disqualification, the trial court issued an order ruling, "For all the reasons stated in the Order [adopting Special Master's Order No. 16] and Order 16, the Motion to Reconsider Disqualification Under Meador ... is hereby DENIED as untimely, dilatory in nature, and/or waived." Inppamet filed a petition for writ of mandamus to challenge the denial of this motion.
STANDARD OF REVIEW
Mandamus is an extraordinary remedy that is available in limited circumstances.
*5 Walker v. Packer , 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). To obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate remedy by appeal. In re Prudential Ins. Co. , 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion if it incorrectly analyzes or applies the law. In re RSR , 475 S.W.3d at 778 ; Walker , 827 S.W.2d at 839. Mandamus is appropriate to correct an erroneous disqualification order because there is no adequate remedy by appeal. In re Sanders , 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding).
ANALYSIS
Inppamet contends the trial court abused its discretion by refusing to reconsider the disqualification under Meador after the supreme court's RSR opinion for the first time made Meador applicable to the case. It asserts the trial court acted without reference to any guiding rules and principles in denying the motion as "untimely, dilatory in nature, and/or waived." RSR, on the other hand, maintains the motion for reconsideration was untimely due to the length of time between Inppamet's motions for sanctions filed in 2011 and 2012, which raised Meador , and its 2016 motions for discovery and reconsideration. RSR also argues that Inppamet's decision to rely solely on American Home Products when it appealed the special master's ruling denying disqualification to the prior trial judge means Inppamet is forever foreclosed from arguing that RSR's counsel should be disqualified under Meador . RSR asserts that Inppamet's motion for reconsideration amounts to an untimely appeal of the special master's denial of disqualification on Meador grounds. Inppamet responds it did not waive its right to seek reconsideration in light of RSR by abandoning Meador prior to the supreme court's RSR opinion because Inppamet and even this Court thought Meador was inapplicable until the supreme court found otherwise. We agree with Inppamet.
Nothing in the record shows that the motion to reconsider was untimely, dilatory in nature, or waived. On the contrary, Inppamet logically sought reconsideration after the supreme court's RSR opinion because no court had yet determined if disqualification was required under Meador even though Inppamet had presented those arguments in addition to others in 2012. As discussed above, when Inppamet first sought disqualification it argued alternatively that disqualification was required even if the court applied Meador . In 2012, the special master did not explain her reasons for denying the Amended Motion for Sanctions, and her order stated simply that the motion was denied. When Inppamet appealed the special master's decision to the prior trial judge, he agreed with Inppamet and ordered disqualification under American Home Products , not under Meador . That trial judge did not determine whether Meador would require disqualification, and the supreme court chose not to address the merits under Meador because it, like this Court, cannot make factual determinations in a mandamus proceeding. After the supreme court determined the Meador standard does apply to these facts, Inppamet sought discovery to support arguments for disqualification under Meador and then sought reconsideration of disqualification under the Meador analysis. The trial court declined to determine if disqualification is required under Meador despite Inppamet seeking that ruling in light of a supreme court opinion that rejected Inppamet's, the prior trial judge's, and this Court's rejection of Meador .
In denying Inppamet's motion as untimely, dilatory, and/or waived, the current *6 trial judge seemingly applied the ruling that the supplemental discovery request was untimely to the motion to reconsider disqualification. The determination that the request for additional discovery was untimely does not mean the motion for reconsideration under Meador was also untimely. Inppamet's actions in this situation do not amount to waiver of the right to seek reconsideration of the disqualification issue.
Further, Inppamet did not delay in seeking reconsideration. The supreme court's RSR opinion issued on December 4, 2015, and the current trial judge vacated the prior disqualification order on January 11, 2016. Inppamet filed the motion to compel discovery relevant to the Meador analysis on February 5, 2016, and filed the motion for reconsideration on March 25, 2016. But no rulings issued until 2017, when the special master denied the motion to compel on February 20, 2017. Over Inppamet's objections, the current trial judge adopted the special master's ruling on July 14, 2017, and denied the motion for reconsideration of disqualification on September 11, 2017. Any purported delay lies with the trial court, not Inppamet.
Finally, RSR argues the trial court's denial of the motion for reconsideration is supported by the detailed findings of fact and conclusions of law set forth in special master's Order No. 16, adopted by the trial court, denying Inppamet's request for additional discovery relevant to Meador . In Order No. 16, the special master indicated that in 2012 she considered whether the Brewer Law Firm should be disqualified under Meador . At that time, she conducted an extensive review of the record, considered and weighed the Meador factors, and determined that the Brewer Law Firm's disqualification was not warranted. Order No. 16 further states, "Inppamet requests the discovery at issue for the ultimate purpose of seeking reconsideration of its Meador -based disqualification motion, but has not demonstrated that reconsideration would be appropriate." The order notes there had been no intervening change in the law regarding the Meador factors, including the supreme court's opinion in the case, and the evidence Inppamet sought was previously available.
But the issue of whether Inppamet was entitled to reconsideration of its disqualification motion was not before the special master. After the supreme court's RSR opinion, only the motion to compel discovery relevant to Meador was referred to the special master. Thus, the trial court's adoption of Order No. 16 does not have a bearing on the merits of the motion to reconsider disqualification or constitute a ruling on that motion. As the trial court's order specifically denying the motion for reconsideration as untimely, dilatory, and waived makes clear, it did not determine or review the merits of the disqualification request under Meador . The fact remains that at no time during the pendency of this case has the trial court determined the merits of a motion for disqualification under the Meador standard. By failing to do so after the supreme court determined that the Meador standard was the appropriate test for disqualification under the facts of the case and by deeming the motion for reconsideration untimely, dilatory, and waived, the trial judge misapplied the facts and the law and therefore abused her discretion. Accordingly, we conditionally grant the writ and direct the trial court to vacate its order denying the motion for reconsideration and to determine the motion on the merits under Meador within thirty (30) days of the date of this opinion. A writ will issue only if the trial court fails to comply with this opinion and the order of this date.