# IN THE SUPREME COURT OF TEXAS

═══════════
No. 18-0189
═══════════

IN RE RSR CORPORATION AND QUEMETCO METALS LIMITED, INC., RELATORS

═══════════════════════════════
ON PETITION FOR WRIT OF MANDAMUS
═══════════════════════════════

**PER CURIAM**

This attorney-disqualification dispute comes to us for the second time without any intervening change in the controlling law or newly discovered facts. In the first go-round, we held that the trial court improperly applied the presumption-based standard in *In re American Home Products Corp.*[1] to disqualify plaintiffs' counsel. *In re RSR Corp.*, 475 S.W.3d 775, 782 (Tex. 2015). We reaffirmed that *American Home Products*'s disqualification presumptions apply only to side-switching legal staff, while the factors articulated in *In re Meador*[2] guide the disqualification inquiry when counsel obtains privileged and confidential information from fact witnesses who were neither legal staff nor supervised by lawyers for an opposing party. *Id.* at 776, 780, 782. The defendants had initially sought disqualification based on *Meador*, but later abandoned—and affirmatively opposed—any consideration under *Meador*, electing to press for disqualification only under *American Home Products*. When that choice proved unsuccessful, the

---

[1] 985 S.W.2d 68 (Tex. 1998) (orig. proceeding).

[2] 968 S.W.2d 346 (Tex. 1998) (orig. proceeding).

trial court denied the defendants' request for a second bite at the apple under *Meador*, finding the request "untimely, dilatory in nature, and/or waived."

On petition for writ of mandamus, the court of appeals ordered the trial court to reconsider the merits of disqualification using the *Meador* factors. ___ S.W.3d ___ (Tex. App.—Dallas 2018). We direct the court of appeals to vacate its order because the trial court did not clearly abuse its discretion in declining to do so.

A decade ago, relators RSR Corporation and Quemetco Metals Ltd., Inc. (collectively, RSR) sued real parties in interest Inppamet Ltd. and its affiliate Plastic and Metal Parts, Inc. (collectively, Inppamet) for contract breach, trade-secret theft, and misappropriation of trade secrets, among others.[3] More than seven years ago, Inppamet moved to disqualify RSR's counsel for the first time, asserting RSR and its counsel had obtained Inppamet's privileged and confidential information from a former Inppamet employee.[4] Inppamet's amended motion for sanctions argued that disqualification was required under an El Paso court of appeals opinion, *Contico International, Inc. v. Alvarez*,[5] or under *Meador*'s fact-intensive disqualification guidelines.[6]

---

[3] RSR also sued one of its former executives, Andreas Siegmund, but he is not a party to this proceeding.

[4] The background facts are set forth in more detail in this Court's previous opinion. *See In re RSR*, 475 S.W.3d 775, 776-78 (Tex. 2015).

[5] 910 S.W.2d 29 (Tex. App.—El Paso 1995, orig. proceeding), *disapproved of by In re Meador*, 968 S.W.2d at 354.

[6] In *Meador*, we delineated six factors that guide a disqualification determination:

(1) whether the attorney knew or should have known that the material was privileged; (2) the promptness with which the attorney notifies the opposing side that he or she has received its privileged information; (3) the extent to which the attorney reviews and digests the privileged information; (4) the significance of the privileged information; i.e., the extent to which its disclosure may prejudice the movant's claim or defense, and the extent to which return of the documents will mitigate that prejudice; (5) the extent to which the movant may be at fault for the unauthorized disclosure; [and] (6) the extent to which the nonmovant will suffer prejudice from the disqualification of his or her

2

In proceedings before a discovery special master, Inppamet initially sought, but chose to forego, discovery related to its motion. The motion then advanced to a hearing before the special master in 2012, at which Inppamet continued to argue for disqualification under *Contico* and *Meador*. Nearly two weeks after the hearing concluded, however, Inppamet filed a letter brief asserting that the presumptions in *American Home Products* controlled the disqualification inquiry to the exclusion of consideration under *Meador*. After considering "each and every legal theory on which Inppamet sought sanctions"—including *Meador*—and all relevant evidence, the special master denied Inppamet's sanctions motion.

Inppamet appealed the special master's order to the trial court for a de novo ruling, arguing *American Home Products* as the governing standard and opposing consideration under *Meador*'s multi-factor analysis. Relying on the presumptions set out in *American Home Products*, the trial court disqualified RSR's counsel. We granted mandamus relief, holding that the trial court erred in applying *American Home Products*'s presumptions instead of the *Meador* factors. *RSR*, 475 S.W.3d at 782. We therefore conditionally granted mandamus relief directing the trial court to vacate its disqualification order but declined to "decide whether disqualification would have been proper under *Meador* because the trial court did not reach the issue and did not resolve all fact issues relevant to a *Meador* analysis." *Id.*

In fairly short order, Inppamet renewed its disqualification efforts in the trial court by filing motions to (1) reconsider disqualification under *Meador* and (2) compel documents and testimony necessary to conduct a *Meador*-based disqualification analysis. The trial court referred the discovery

attorney.

968 S.W.2d at 351-52.

3

motion to the special master, and after a lengthy hearing, the special master denied the motion. In an order detailing her findings of fact and conclusions of law, the special master determined that Inppamet chose to forego the same discovery before the 2012 hearing on its first *Meador*-based disqualification motion and concluded that "permitting Inppamet to pursue and obtain that discovery at this late date [would] unduly and unjustly delay the trial of this cause and the final adjudication of the parties' respective claims and defenses." The trial court adopted the special master's discovery order, and following a hearing on the motion to reconsider under *Meador*, denied the request for reconsideration as "untimely, dilatory in nature, and/or waived."

The court of appeals granted Inppamet's petition for mandamus relief, directing the trial court to vacate its order and determine the motion to reconsider on its merits under *Meador*. ___ S.W.3d ___. The court of appeals reasoned that (1) the discovery motion's untimeliness did not render the motion to reconsider untimely, (2) the special master's findings and conclusions related to the discovery order had no bearing on the merits of the motion to reconsider, and (3) Inppamet did not delay in seeking reconsideration after we issued our adverse opinion. *Id.* at ___.

We review the court of appeals' mandamus order under a clear-abuse-of-discretion standard. *In re State*, 556 S.W.3d 821, 826 (Tex. 2018). Our focus, however, remains on the trial court's order. *Id.* An appellate court cannot substitute its judgment for that of the trial court and may not set aside the trial court's findings as arbitrary and unreasonable unless the trial court could reasonably have reached only one decision. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992). RSR argues that the record amply supports the trial court's finding that Inppamet's *Meador*-based motions were untimely, dilatory, and waived. We agree with RSR that in concluding otherwise, the court of

appeals improperly focused on Inppamet's actions after our prior opinion issued rather than its actions in advancing and then affirmatively abandoning and opposing *Meador*'s application.

"Disqualification is a severe remedy" and when considering disqualification motions, "courts must adhere to an exacting standard . . . to discourage their use as a dilatory trial tactic." *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990); *see Grant v. Thirteenth Court of Appeals*, 888 S.W.2d 466, 468 (Tex. 1994) (orig. proceeding) (supp. op. on reh'g) ("The untimely urging of a disqualification motion lends support to any suspicion that the motion is being used as a tactical weapon."). This case lies at the intersection of dilatoriness and waiver. "Waiver is the intentional relinquishment of a right actually known, or intentional conduct inconsistent with claiming that right." *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008). Failure to timely seek disqualification constitutes waiver, *see, e.g.*, *In re EPIC Holdings, Inc.*, 985 S.W.2d 41, 52 (Tex. 1998), and the same principle applies here where Inppamet timely sought disqualification but made a tactical,[7] yet erroneous, decision to abandon *Meador* as a basis for

---

[7] In hearings before the special master, the trial judge, and this Court, Inppamet acknowledged the strategic reasons for favoring *American Home Products*'s presumption-based approach over *Meador*'s factor-based analysis:

"[W]e're moving forward on the basis of what we have, based upon our read of the case law and our understanding of the facts. That's why we're not taking these depositions."

"Under *Meador* it's different than under *American Home Products* because we're at a disadvantage. We can't go ask them what did [our former employee] tell you. They don't have to tell us that."

"We need [*American Home Products*'s] presumptions because we'll never know exactly what they saw or exactly what [our former employee] told them . . . [.]"

"We went up on that believing that that was the appropriate way to do it, and *American Home Products* was designed, or it appeared to be designed, to avoid the kind of discovery issues that we're now going to be getting into if we have to go through a *Meador* analysis."

"[T]he reason *Meador* is not a particularly effective kind of vehicle is because you have a prejudice argument that you have to go through, and that means that to show the prejudice, I have to disclose my privileged information. . . . And that becomes very problematic."

5

obtaining disqualification as a remedy. Waiver presents a fact issue concerning "a matter or question of intention," *Ford v. Culbertson*, 308 S.W.2d 855, 865 (Tex. 1958), and the trial court's findings in this multi-year saga of satellite litigation are adequately supported by the record.

Although we held in *EPIC Holdings* that resurrecting an abandoned disqualification motion did not give rise to waiver, that case is distinguishable because the movant (1) had not actually litigated any of the grounds in its motion and (2) had reasserted its motion based on changed circumstances. 985 S.W.2d at 53-54. Responding to the dissent, we observed that, "[i]f nothing had changed in the intervening period, we might agree" with the dissenting justices that "EPIC waived the grounds asserted in its July 1996 motion for disqualification because it raised essentially the same issues in its March 1995 motion, which it abandoned before the hearing." *Id.* But because the disqualification concerns "were not necessarily raised by [the nonmovant's] pleadings and discovery and did not become critical until [she] began to present her case at trial," it would be inappropriate to conclude that "failure to urge a motion that should have been denied can prohibit [the movant] from later reurging the motion when it should have been granted." *Id.* at 54.

Here, in contrast, no new factual grounds are alleged and the law did not change in the interim between abandonment and embrace. To the contrary, Inppamet, of its own accord, changed its legal strategy in the middle of the proceedings, unequivocally abandoning *Meador* and fervently dissuading the trial court from applying it. Inppamet's argument that our prior opinion changed the law is simply unavailing. *American Home Products* and *Meador* have been the law since 1998. And in our prior opinion, we did not overrule existing precedents or modify them. *Cf. Westgate, Ltd. v.*

Inppamet urges it reserved the right to reopen discovery in a 2012 letter to the special master, but Inppamet did so only with respect to merits issues in the underlying litigation and chose to proceed to a hearing on its *Meador*-based disqualification motion without the benefit of that discovery.

6

*State*, 843 S.W.2d 448, 455 (Tex. 1992) (remanding in the interest of justice after overruling precedent); *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990) (doing likewise after modifying the law). Rather, we cited both *American Home Products* and *Meador* verbatim, concluding that under the facts presented, *Meador* was the proper standard. *RSR*, 475 S.W.3d at 779-80. We noted that "the trial court did not reach the issue and did not resolve all fact issues relevant to a *Meador* analysis," *id.* at 782, but that circumstance is hardly surprising given Inppamet's purposeful opposition to doing so. The trial court did not clearly abuse its discretion in concluding that Inppamet is not entitled to a do-over under these circumstances.

Further, absent mandamus relief, another round of costly disqualification litigation would unduly and unjustly delay the trial and final disposition of this ten-year-old dispute, rendering an appellate remedy inadequate. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136-37 (Tex. 2004) (whether an appellate remedy is adequate, thereby foreclosing mandamus relief, "depends heavily on the circumstances presented"). Accordingly, without hearing oral argument, we conditionally grant the petition for writ of mandamus and direct the court of appeals to (1) vacate its order and (2) reinstate the trial court's order denying Inppamet's motion to reconsider disqualification under *Meador*. *See* TEX. R. APP. P. 52.8(c). Our writ will issue only if the court fails to do so.

**OPINION DELIVERED:** February 15, 2019

7