

# NUMBER 13-20-00486-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE THE TEXAS MUNICIPAL LEAGUE INTERGOVERNMENTAL RISK POOL

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion by Justice Longoria[1]**

In this original proceeding, The Texas Municipal League Intergovernmental Risk Pool (Risk Pool) seeks to compel the trial court to set aside a September 30, 2020 order vacating an appraisal award in a property damage case. We requested and received a response to the petition for writ of mandamus from the real party in interest, the City of Hidalgo, and have further received a reply to the response from the Risk Pool. We deny

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

the petition for writ of mandamus.

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). "An appellate court cannot substitute its judgment for that of the trial court and may not set aside the trial court's findings as arbitrary and unreasonable unless the trial court could reasonably have reached only one decision." *In re RSR Corp.*, 568 S.W.3d 663, 665 (Tex. 2019) (orig. proceeding) (per curiam).

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. Because this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding).

The appraisal process is an important tool in the insurance claim context, "curbing

2

costs and adding efficiency in resolving insurance claims." *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 814 (Tex. 2019); *see In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d 404, 407 (Tex. 2011) (orig. proceeding). The Texas Supreme Court has reasoned that "[l]ike any other contractual provision, appraisal clauses should be enforced." *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 895 (Tex. 2009). Appraisal awards are binding and enforceable, and courts indulge all reasonable presumptions to sustain them. *In re Auto Club Indem. Co.*, 580 S.W.3d 852, 855 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding).

Appraisal awards do not serve to establish a party's liability, or lack thereof, but instead resolve the amount of the covered loss. *Barbara Techs. Corp.*, 589 S.W.3d at 828; *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 132 (Tex. 2019); *Johnson*, 290 S.W.3d at 889–90. Thus, "appraisals do not supplant the judicial process." *Tex. Windstorm Ins. Ass'n v. Dickinson Indep. Sch. Dist.*, 561 S.W.3d 263, 276 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (collecting cases). Further, an appraisal award may be set aside when the award was made: (1) without authority; (2) by fraud, accident, or mistake; or (3) without complying with the policy requirements. *See Johnson*, 290 S.W.3d at 888; *id.* at 895 (stating that an appraisal award may be set aside if it does not represent an "honest assessment" of necessary repairs").

Trial court orders regarding the validity of appraisal awards are routinely reviewed by appeal after final judgment. *See, e.g.*, *Zhu v. First Cmty. Ins. Co.*, 543 S.W.3d 428, 430 (Tex. App.—Houston [14th Dist.] 2018, pet. dism'd) (refusing to set aside an appraisal award where the insured "failed to assert one of the recognized grounds for setting aside

3

the appraisal award"); *see also United Fire & Cas. Co. v. Gossetts, Inc.*, No. 07-18-00204-CV, 2019 WL 2572042, at *1 (Tex. App.—Amarillo June 21, 2019, no pet.) (mem. op.) (reversing and remanding a judgment based on an appraisal award where the appraisal award resulted from mistake); *Floyd Circle Partners, LLC v. Republic Lloyds*, No. 05-16-00224-CV, 2017 WL 3124469, at *9 (Tex. App.—Dallas July 24, 2017, pet. denied) (mem. op.) (concluding that the insured failed to present a fact issue regarding whether an appraisal award should be set aside sufficient to avoid summary judgment). Nevertheless, in accordance with our standard of review for original proceedings, we examine whether the circumstances of the case render a remedy by appeal inadequate. *Compare In re Auto Club Indem. Co.*, 580 S.W.3d at 857 (concluding that the relator lacked an adequate remedy by appeal for the trial court's order setting aside an appraisal award), *with In re Thuy Tran*, No. 01-17-00413-CV, 2017 WL 2979961 (Tex. App.—Houston [1st Dist.] July 13, 2017, orig. proceeding) (per curiam) (mem. op.) (concluding that the relator had an adequate remedy by appeal for a trial court's order setting aside an appraisal award).[2]

The Court, having examined and fully considered the petition for writ of mandamus,

---

[2] In *Auto Club*, the Fourteenth Court of Appeals noted that the First Court of Appeals had concluded that a remedy by appeal was adequate to address an order vacating an appraisal award. *See In re Auto Club Indem. Co.*, 580 S.W.3d 852, 857 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding); *In re Thuy Tran*, No. 01-17-00413-CV, 2017 WL 2979961 (Tex. App.—Houston [1st Dist.] July 13, 2017, orig. proceeding) (per curiam) (mem. op.). In distinguishing *Tran*, the Fourteenth Court reasoned that the *Tran* court's opinion did "not reflect that it considered" the supreme court's decision in *In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002) (orig. proceeding), "and whether the setting aside of the appraisal award severely compromised the relator's defense." *In re Auto Club Indem. Co.*, 580 S.W.3d at 857. In *Allstate*, the supreme court held that there was an inadequate remedy by appeal for the trial court's refusal to enforce an appraisal clause because it prevented "the defendants from obtaining the independent valuations that could counter at least the plaintiffs' breach of contract claim." *In re Allstate County Mut. Ins. Co.*, 85 S.W.3d at 196. In our view, the adequate-remedy-by-appeal analysis regarding a trial court's refusal to enforce the appraisal process, as in *Allstate*, and a trial court's decision to vacate an appraisal award, as in *Auto Club* and in the case before this Court, is not directly congruent. However, given our disposition of this proceeding, we need not further address this issue herein. *See* TEX. R. APP. P. 47.4.

the response, and the reply, is of the opinion that the Risk Pool has not met its burden to

obtain relief. Accordingly, we deny the petition for writ of mandamus.

NORA L. LONGORIA
Justice

Delivered and filed on the
25th day of February, 2021.