**Conditionally Granted and Opinion Filed April 29, 2024**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00812-CV**

**IN RE CHRISTINA MARTINEZ, Relator**

**Original Proceeding from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-17-01827-Y**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Carlyle, and Garcia
Opinion by Justice Partida-Kipness

In this original proceeding, Relator (Mother) challenges the trial court's temporary orders granting her child's paternal grandfather (Grandfather) rights of possession and access to her six-year-old daughter, S.M.L. After reviewing Mother's petition for writ of mandamus, the mandamus record, and the first supplement to the mandamus record, we conclude the trial court abused its discretion by rendering temporary orders. Accordingly, we conditionally grant Mother her requested mandamus relief.

## BACKGROUND

Mother is the sole managing conservator of her daughter, S.M.L. The child's father is deceased. Prior to Father's death, Mother and Father were joint managing

conservators of S.M.L. pursuant to a July 17, 2017 modification order. Father had standard possession of the child and paid child support. Father died on April 27, 2022. For three or four years before his death, Father lived at Grandfather's home, and his possession periods with S.M.L. took place there. After Father's death, S.M.L. did not continue those weekly visits to Grandfather's home. However, S.M.L. visited Grandfather five times after Father's death, and Mother offered to let Grandfather see S.M.L. on other occasions if Mother could be present. Grandfather turned down those opportunities because he wanted to spend time with S.M.L. "and not have someone looking at me in the back of my neck."

## I. Grandfather's Petition for Grandparent Possession or Access

On August 24, 2022, Grandfather filed his "Original Petition for Grandparent Possession or Access" in which he sought possession of or access to the child "at the times and under the conditions that are determined to be in the best interest of the child." The petition included the following statements concerning why Grandfather was seeking possession of and access to S.M.L.:

10. Possession or Access

It is in the best interests of the child the subject of this suit that Petitioner be granted possession of or access to the child by order of this Court.

At the time this relief is requested, at least one biological or adoptive parent of the child has not had that parent's rights terminated.

Denial of possession or access by Petitioner would significantly impair the physical health or emotional well-being of the child. See the affidavit of [Grandfather] attached as Exhibit A.

–2–

Petitioner is the parent of [Mother[1]], a parent of the child.

The Father of the child . . . is deceased and a copy of his death certificate will be filed with the Court.

Petitioner requests the Court to enter an order granting Petitioner possession of or access to the child at the times and under the conditions that are determined to be in the best interest of the child.

Grandfather attached a supporting affidavit to the petition. In it, Grandfather stated that when Father was alive, S.M.L. would stay at Grandfather's house during Father's periods of possession. Grandfather also asserted he and his wife[2] "had a strong-bonded relationship with [S.M.L.] and supported her emotionally, physically, and financially." He further alleged Mother "has prohibited" Grandfather and his wife "from continuing to see [S.M.L.] or allowing [them] to be part of her life" since Father's death. Grandfather then provided the following reasons for requesting possession and access:

I believe [S.M.L.] should continue to have a stable and definitive relationship with us. I fear without a court order for access to my granddaughter, her physical health and/or emotional well-being are being impaired. We have had a fantastic relationship with [S.M.L.] that exceeds the normal grandparent/grandchild relationship. To allow this relationship to deteriorate will continue to harm [S.M.L.].

Grandfather served Mother with the petition, and the district court referred Grandfather's petition to an associate judge for hearing. *See* TEX. FAM. CODE § 201.005(a).

---

[1] Grandfather is the parent of Father, not Mother. We presume Grandfather's reference to Mother as his child was an error.

[2] S.M.L.'s paternal grandmother is Grandfather's ex-wife, not his current wife.

–3–

## II.    The Associate Judge's Report

On May 3, 2023, an associate judge held a temporary orders hearing.[3] Following the hearing, the associate judge issued a report in which she granted Grandfather access to and possession of the child as follows:

- The fourth weekend of each month from 10:00 a.m. on Saturday until 6:00 p.m. on Sunday.

- December 26th each year from 10:00 a.m. to 6:00 p.m.

- One week each year during the fourth week of June.

She also ordered the child to attend counseling with a counselor designated by the court.

## III.    Mother's Request for De Novo Hearing

Mother appealed the associate judge's report to the district court by filing a request for de novo hearing followed by a first amended request for de novo hearing. *See* TEX. FAM. CODE § 201.015 (providing for appeal of associate judge's report to the referring court by request for a de novo hearing); *see also In re Garcia*, No. 05-23-01102-CV, 2023 WL 7984392, at *2 (Tex. App.—Dallas Nov. 17, 2023, orig. proceeding) (mem. op.) (detailing appeal process under section 201.015); *In re A.J.F.*, 313 S.W.3d 475, 477–78 (Tex. App.—Dallas 2010, no pet.) (same). A request for a de novo hearing under section 210.015 "must specify the issues that will be presented to the referring court." TEX. FAM. CODE § 201.015(b).

---

[3] The mandamus record does not include a transcript of that hearing. According to Mother, no court reporter was present at the hearing.

Mother asserted several "[i]ssues for the de novo hearing," which are summarized below:

- Does Grandfather's affidavit include sufficient facts to (1) support the allegation of significant impairment, and (2) justify a hearing (citing Tex. Fam. Code §§ 156.006(b), 156.006(b–1), 156.006(b)(1)[4])?

- Is Mother a fit parent and does she adequately care for S.M.L.?

- Is she entitled to a presumption that she determines the child's best interest based on her fundamental rights as a fit parent?

- Does Mother have a fundamental right as a fit parent to decide if grandfather should have visitation with or access to S.M.L.?

- Are there any reasons for the State to inject itself into this case?

In her request, Mother argued the associate judge abused her discretion by setting the case for hearing and by granting Grandfather possession and access because Grandfather's affidavit lacked factual support as required by section 156.006[5] of the family code. She also asserted the associate judge failed to apply the fit parent presumption and granted temporary orders despite Grandfather's failure to overcome that presumption. Mother asked the district court to do the following: find Grandfather's petition frivolous, find Mother is a fit parent with the exclusive right to decide if Grandfather may have access to or visitation with the child, deny

---

[4] Mother cited to "TFC 156.006(b)3(b-1)(b)(1)." This citation is not formatted correctly—it is missing internal parentheses—and section 156.006(b)(3) would not apply here because S.M.L. is under twelve years old. We construe this to be a citation to the following sub-provisions of section 156.006: (b), (b-1), and (b)(1).

[5] Section 156.006 addresses temporary orders in pending modification suits.

Grandfather's request for possession and access, dismiss the case, and order Grandfather to pay Mother's attorney's fees.

## IV.     The De Novo Hearing and Temporary Order

The district court conducted the de novo hearing on June 14, 2023. After hearing testimony from Mother, Grandfather, and Tiara Blackwell, a friend of Mother, the district court stated the court was affirming the associate judge's ruling and found S.M.L.'s "present circumstances would significantly impair the emotional development of the child without Court intervention." The district court memorialized those findings in its July 18, 2023 temporary order.

In the July 18 Order, the trial court stated it had "jurisdiction of the case and the parties" and made the following findings relevant to the issues presented here:

- Father is deceased, and Grandfather was Father's parent.

- Grandfather "has overcome the presumption that [Mother] has acted in the best interest of the child and has proved by a preponderance of the evidence that the denial of possession of or access to the child would significantly impair the child's physical health or emotional well-being."

- The temporary orders are in the child's best interest.

The court granted Grandfather possession of and access to the child as follows:

- Every fourth weekend, from Saturday at 10 a.m.[6] until Sunday at 6 p.m.;

_____

[6] The temporary order states weekend possession begins at 10:00 p.m. The associate judge's report began weekend possession at 10:00 a.m. The temporary orders affirm the associate judge's orders. We, therefore, find the temporary order's reference to 10:00 p.m. is a clerical error, and the order was intended to say 10:00 a.m.

- From 6:00 p.m. on June 16, 2023, until 6:00 p.m. on June 22, 2023;

- Beginning in 2024, the fourth full calendar week of June, beginning at 6:00 p.m. the preceding Friday and ending the following Friday at 6:00 p.m.

- December 26th each year from 10:00 a.m. until 6:00 p.m.

The trial court also permanently enjoined Mother from: (1) initiating any electronic communication with S.M.L. during Grandfather's possession, and (2) allowing any person outside of her residence during the surrender and/or exchange of the child. The trial court found the permanent injunction was necessary "because of the conduct of [Mother]." Finally, the trial court ordered the child to attend counseling.

## V.    Proceedings in this Court

This original proceeding followed. We stayed enforcement of the temporary order and requested a response to the petition. We also ordered Mother to supplement her record, which she did. Neither Respondent nor Grandfather filed a response to the petition.

## STANDARD OF REVIEW

To be entitled to mandamus relief, a relator must show the trial court clearly abused its discretion, and relator lacks an adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A failure by the trial court to analyze or apply the law correctly is an abuse of

–7–

discretion. *Id.* In determining whether the trial court clearly abused its discretion, an appellate court may not substitute its judgment for the trial court's determination of factual matters committed to the trial court's discretion, even if the court would have decided the issue differently. *In re G.B.*, No. 05-21-00463-CV, 2021 WL 4071152, at *2 (Tex. App.—Dallas Sept. 7, 2021, orig. proceeding) (mem. op.) (citing *In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding)). We cannot set aside the trial court's findings as arbitrary and unreasonable unless the trial court could reasonably have reached only one decision. *Id.* (citing *In re RSR Corp.*, 568 S.W.3d 663, 665 (Tex. 2019) (orig. proceeding) (per curiam)).

Temporary orders like the one at issue here are not subject to interlocutory appeal and are, therefore, subject to mandamus review. *In re G.B.*, 2021 WL 4071152, at *2 (first citing TEX. FAM. CODE § 6.507, and then citing *In re C.J.C.*, 603 S.W.3d 804, 811 (Tex. 2020) (orig. proceeding)); *see also In re Derzapf*, 219 S.W.3d 327, 334–35 (Tex. 2007); *In re Strickland*, 358 S.W.3d 818, 820 (Tex. App.—Fort Worth 2012, no pet.). Mandamus relief is appropriate when a trial court's temporary orders divest a fit parent of possession of her children because such a divestiture "is irremediable." *In re C.J.C.*, 603 S.W.3d at 811.

**APPLICABLE LAW**

A grandparent's rights are generally subordinate to a parent's rights. *In re Derzapf*, 219 S.W.3d at 334. "It is cardinal with us that the custody, care and nurture of the child reside first in the parents, . . ." *Troxel v. Granville*, 530 U.S. 57, 65–66

(2000) (plurality opinion) (quoting *Prince v. Mass.*, 321 U.S. 158, 166 (1944)). The interest of parents in the care, custody, and control of their children "is perhaps the oldest of the fundamental liberty interests recognized by" the United States Supreme Court. *Id.* A fit parent presumptively acts in the best interest of his or her child and has a fundamental right to make decisions concerning the care, custody, and control of that child. *In re C.J.C.*, 603 S.W.3d at 808.

The legislature has set a "high threshold for a grandparent to overcome the presumption that a fit parent acts in his children's best interest: the grandparent must prove that denial of access would '*significantly* impair' the children's physical health or emotional well-being." *In re Derzapf*, 219 S.W.3d at 334 (citing TEX. FAM. CODE § 153.433(2)) (emphasis in original). "[S]o long as a parent adequately cares for his or her children (*i.e.*, is fit), there will normally be no reason for the State to inject itself into the private realm of the family to further question the ability of that parent to make the best decisions concerning the rearing of that parent's children." *In re C.J.C.*, 603 S.W.3d at 814 (quoting *Troxel*, 530 U.S. at 68–69). "A court may not lightly interfere with child-rearing decisions made by [a fit parent] . . . simply because a 'better decision' may have been made." *In re Derzapf*, 219 S.W.3d at 334 (citing *Troxel*, 530 U.S. at 73).

The fit-parent presumption is incorporated into the grandparent-access statutes. Specifically, section 153.432 of the family code confers standing on a biological or adoptive grandparent to request possession of or access to a grandchild

by filing an original suit or a suit for modification as provided by Chapter 156. TEX. FAM. CODE § 153.432(a). Subsection (c) requires the person filing the suit to "execute and attach an affidavit on knowledge or belief that contains, along with supporting facts, the allegation that denial of possession of or access to the child by the petitioner would significantly impair the child's physical health or emotional well-being." *Id.* § 153.432(c). "The court shall deny the relief sought and dismiss the suit unless the court determines that the facts stated in the affidavit, if true, would be sufficient to support the relief authorized under Section 153.433." *Id.*

Section 153.433 requires a grandparent seeking court-ordered access to overcome the presumption that a parent acts in his or her child's best interest:

(a)    The court may order reasonable possession of or access to a grandchild by a grandparent if:

    (1)    at the time the relief is requested, at least one biological parent or adoptive parent of the child has not had that parent's parental rights terminated;

    (2)    the grandparent requesting possession of or access to the child overcomes the presumptions that a parent acts in the best interest of the parent's child by proving by a preponderance of the evidence that ***denial of possession of or access to the child would significantly impair the child's physical health or emotional well-being***; and

    (3)    the grandparent requesting possession of or access to the child is a parent of a parent of the child and that parent of the child . . . is dead.

TEX. FAM. CODE § 153.433(a) (emphasis added); *see In Derzapf*, 219 S.W.3d at 333. A trial court abuses its discretion when it grants access to a grandparent who has not met this standard. *In re Derzapf*, 219 S.W.3d at 333.

A court must apply the presumption that a fit parent—not the court— determines the best interest of the child in any proceeding in which a nonparent seeks conservatorship or access over the objection of a child's fit parent. *In re C.J.C.*, 603 S.W.3d at 817. An order granting possession of or access to a child by a grandparent that is rendered over a parent's objections must state with specificity findings that track section 153.433(a) as set forth above. TEX. FAM. CODE § 153.433(b). A trial court abuses its discretion by placing the burden on a fit parent of disproving that visitation would be in the best interest of her child. *In re C.J.C.*, 603 S.W.3d at 815– 16.

## ANALYSIS

In this original proceeding, Mother argues the trial court abused its discretion by holding a hearing on Grandfather's petition and awarding him possession rights because his pleadings were insufficient to establish standing to seek the temporary orders and the evidence was legally insufficient to overcome the fit-parent presumption. We agree. However, we address only Mother's issue concerning standing because it is dispositive.

A grandparent must satisfy the requirements of section 153.432 to establish his or her standing to pursue a claim for possession of or access to the child. *In re*

*K.W.*, No. 02-22-00470-CV, 2023 WL 8467370, at *4 (Tex. App.—Fort Worth Dec. 7, 2023, no pet.) (mem. op.) (trial court lacked subject-matter jurisdiction where grandmother failed to demonstrate her standing to pursue section 153.432(c) claim); *In re D.D.L.*, 2022 WL 3652496, at *6 (holding error was apparent on face of record when trial court did not dismiss the suit because grandparent's affidavit did not include any supporting facts demonstrating significant impairment). If the pleading requirements set forth in section 153.432 are not met, "then the court may not order relief and must dismiss the suit, regardless of whether it is brought as an original petition or a suit for modification of an existing order." *In re K.R.P.C.*, No. 05-16-00405-CV, 2017 WL 462350, at *2 (Tex. App.—Dallas Jan. 26, 2017, no pet.) (mem. op.). A trial court abuses its discretion when it fails to dismiss a petition that does not attach the affidavit mandated by section 153.432. *In re Huff*, No. 10-23-00216-CV, 2023 WL 7039650, at *2 (Tex. App.—Waco Oct. 26, 2023, orig. proceeding) (mem. op.). Here, Grandfather's counsel confirmed at the de novo hearing that he filed the grandparent-access case under Chapter 153 of the family code. Grandfather's affidavit, however, does not satisfy the requirements of section 153.432.

First, the affidavit does not include a specific allegation of "significant impairment." The family code requires a non-parent's affidavit to contain, along with supporting facts, "the allegation that denial of possession of or access to the child by the petitioner would significantly impair the child's physical health or

–12–

emotional well-being." TEX. FAM. CODE § 153.432(b). Here, Grandfather's affidavit does not include an allegation that denial of his possession of or access to the child would *significantly impair* the child's physical health or emotional well-being. The only reference to impairment in the affidavit is Grandfather's statement that he "fear[s]" S.M.L.'s "physical health and/or emotional well-being are being impaired" without a court order granting him access to her. That statement does not constitute an allegation of significant impairment. Similarly, although Grandfather included an allegation of significant impairment in his petition, he did not allege it in his supporting affidavit, as expressly required by section 153.432(c). The affidavit is, thus, facially deficient.

Second, section 153.432(b) requires the affidavit to include supporting facts sufficient to support an allegation of "significant impairment." TEX. FAM. CODE § 153.432(b). Grandfather's affidavit includes no such facts. His affidavit testimony asserted that he (and his wife) have an attachment with the child, they helped take care of the child when she was with her father at Grandfather's house during Father's periods of possession, Grandfather has a bad relationship with Mother, and Mother will not let Grandfather see the child now that Father is dead. Although Grandfather also stated that without court intervention, he fears that the child's "physical health and/or emotional well-being are being impaired," this statement is speculative, conclusory, and is not supported by any specific facts as required by section 153.432(c). *See In re H.L.*, 613 S.W.3d 722, 727 (Tex. App.—Fort Worth 2020, no

–13–

pet.) (conclusory assertion about results of denial of possession or access and unsupported predictions about what the lack of possession or access would teach the child in the future are insufficient to satisfy section 153.432(c)). The affidavit includes no allegations concerning any lack of fitness by Mother or any facts demonstrating the child's significant impairment. Even if Grandfather's affidavit could support a finding of some impairment if he is denied possession and access to the child, some impairment is not enough—it has to be "significant impairment." *Derzapf*, 219 S.W.3d at 334. His affidavit fails to meet that requirement.

Under this record, we conclude Grandfather's affidavit was insufficient to establish his standing to bring this suit. The trial court, therefore, lacked subject-matter jurisdiction and was statutorily required to dismiss the suit rather than set it for hearing. *See* TEX. FAM. CODE § 153.432(c) ("The court shall deny the relief sought and dismiss the suit unless the court determines that the facts stated in the affidavit, if true, would be sufficient to support the relief authorized under Section 153.433."); *see also* TEX. FAM. CODE § 156.006(b-1) (The court shall deny the relief sought and decline to schedule a hearing on the motion unless the court determines, on the basis of the affidavit, that facts adequate to support the allegation are stated in the affidavit."). Mother asked the trial court to dismiss the suit because Grandfather's affidavit was insufficient to meet the family code's standing requirements and included the following argument to support that request:

–14–

In new cases, Texas Family Code section 153.433(a)(2) and in modification cases Texas Family Code 156.006 (b)3(b-1)(b)(1) requires that Petitioner's affidavit "contain facts that support the allegation that the child's present circumstances would significantly impair the child's physical health or emotional development".[sic]

Counsel for grandfather announced at the beginning of the hearing that he brought this case under Texas Family Code Section 156. Texas Family code section 156.006 (b)3(b-1)(b)(l) states that "The court shall deny the relief sought and decline to schedule a hearing on the motion unless the court determines, on the basis of the affidavit, that facts adequate to support the allegation are stated in the affidavit." TFC 156.006 (b )3(b-1)(b)(1).

Since grandfather's affidavit failed to state any facts in support of his allegation that his lack of access to the child would ["]significantly impair the child's physical health or emotional development", Respondent asserts that this court erred by (1) failing to deny the relief sought and (2) by setting a hearing in this matter, both of which are in contravention of TFC 156.006(b)3(b-1)(b)(1).

The question of Grandfather's standing was, thus, presented to the district court. *See In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding) ("Due to the extraordinary nature of the remedy, the right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act.") (citing *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding)).

The district court rejected Mother's arguments when it expressly found it had jurisdiction over the case and the parties. This was an abuse of discretion. Accordingly, we sustain Mother's first issue and conditionally grant a writ of mandamus requiring vacatur of the temporary orders and dismissal of Grandfather's petition.

**ATTORNEY'S FEES**

Mother also asks us to require the trial court to order Grandfather to pay Mother's reasonable and necessary attorney's fees in this matter. "The award of attorney's fees in a suit affecting the parent-child relationship is within the trial court's discretion." *Bruni v. Bruni*, 924 S.W.2d 366, 368 (Tex. 1996); *see* TEX. FAM. CODE § 106.002(a). Given our disposition of Mother's first issue, she is now the prevailing party in this litigation. Although Mother's status as the prevailing party is only one consideration in the trial court's exercise of discretion when deciding whether to award her attorney's fees, we agree it is appropriate for the trial court to reconsider the recoverability of Mother's fees. We, therefore, further direct the trial court to hold a hearing to determine whether to award Mother her reasonable and necessary attorney's fees and to issue a written ruling on Mother's request for attorney's fees. *See Bruni*, 924 S.W.2d at 368–69 (remanding case to permit trial court to reconsider attorney's fee award in light of decision on appeal); *see also In re B.G.D.*, 351 S.W.3d 131, 147–48 (Tex. App.—Fort Worth 2011, no pet.) (same).

**CONCLUSION**

The trial court lacked subject matter jurisdiction over Grandfather's petition and, therefore, abused its discretion by failing to dismiss the petition. Accordingly, we conditionally grant Mother's petition for writ of mandamus and direct the trial court to vacate its July 18, 2023 Temporary Order and dismiss Grandfather's petition for want of jurisdiction. We further direct the trial court to hold a hearing to

determine whether to award Mother her reasonable and necessary attorney's fees and to issue a written ruling on Mother's request for attorney's fees. We are confident the trial court will promptly comply with our directives. Our writ will issue only if the trial court fails to do so within fourteen (14) days of the date of this opinion and accompanying order. We lift our stay order for the sole purpose of allowing the trial court to comply with this opinion.

/Robbie Partida-Kipness/

230812f.p05

ROBBIE PARTIDA-KIPNESS
JUSTICE